IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LASHAWNDA PARTEE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: _____ |
| v. | ) | |
| | ) | |
| CLAYTON COUNTY SHERIFF | ) | JURY TRIAL DEMANDED |
| VICTOR HILL, in his individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES**

**COMES NOW**, Lashawnda Partee, Plaintiff herein, and hereby submits this Complaint for Damages, by and through the undersigned counsel and against the above-named Defendant, showing this Honorable Court the following:

**PARTIES, JURISDICTION AND VENUE**

**1.**

Lashawnda Partee (hereinafter "Plaintiff" or "Ms. Partee") is now and was at the time of all occurrences described herein, a resident of Georgia, and at all times relevant hereto was a citizen of the United States of America entitled to all of the rights, privileges and appurtenances thereto.

**2.**

At all times relevant hereto, Defendant Victor Hill (hereinafter "Defendant", "Defendant Hill", or "Sheriff Hill"), was the Sheriff of Clayton County, Georgia and is subject to the venue and jurisdiction of this Court. Defendant Hill is sued in both his official capacity as a constitutional officer and in his individual capacity. At all times relevant to this Complaint, Defendant Hill acted under the color of state law. Defendant Hill may be personally served with the Complaint and Summons at the his personal address: 335 Bearcreek Trail, Hampton, Georgia 30228.

**3.**

Defendant acted with actual malice, willfully and wantonly toward Plaintiff proximately causing her injuries. Further, Plaintiff pleads that the conduct of Defendant violated clearly established statutory and constitutional rights of which a reasonable person would have known. Therefore, no immunity applies in this matter.

**4.**

Defendant Hill was grossly negligent in his supervision of currently unknown individuals and was deliberately indifferent to the rights of others, and has exhibited a pattern, policy, and custom of violating the rights of the citizens of Georgia, including Plaintiff, through acts of physical assault, such that all misconduct by individuals under Defendant Hill's supervision is and was affirmatively linked to Defendant Hill's acts.

**5.**

Defendant Hill failed to adequately train and supervise currently unknown individuals and his negligent training was causally related to the constitutional violations committed by them.

**6.**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over any state law claim(s) pursuant to 28 U.S.C. § 1367.

**7.**

Venue in this district and division is proper under 28 U.S.C. § 1391 because the Defendant is located in the Northern District of Georgia, Atlanta Division, and the conduct complained herein occurred in Clayton County, Georgia (hereinafter "County").

**FACTUAL ALLEGATIONS**

**8.**

This is a renewed complaint timely filed within the six (6) month period provided for by O.C.G.A. § 9-2-61.

**9.**

On or about January 24, 2021, Plaintiff was arrested and charged for DUI Alcohol Less Safe, Improper Lane Change, Following Too Closely, and Obstructing an Officer.

**10.**

Following her arrest, and despite being a short distance from the Clayton County Jail, Plaintiff was forced to sit in the back of the patrol vehicle for more than two (2) hours.

**11.**

During those two (2) hours Plaintiff was forced to sit in the back of a patrol vehicle and despite frequently asking to use the restroom, officers did not allow Plaintiff to use a restroom leading her to urinate on herself and her clothes.

**12.**

Plaintiff was subsequently transported to the Clayton County Jail, at which time four (4) or five (5) officers, whose identity is not yet known, began grabbing Plaintiff's arms in an attempt to move her from the police vehicle.

**13.**

At or about the same time, Plaintiff's feet were caught under the seat of the patrol vehicle.

**14.**

Despite Plaintiff seemingly being trapped under the seat, and despite her pleas, the aforementioned four (4) or five (5) officers continued to grab Plaintiff's arm resulting in bruises on Plaintiff's upper arm(s) and wrist(s).

**15.**

Upon Plaintiff's arrival to Clayton County Jail, she informed several officers, whose identity is not yet known, that she was "wet" as a result of involuntarily urinating on herself.

**16.**

In response, at least two officers, whose identity is not presently known, took Plaintiff to a room and demanded that she remove her clothes and shoes, provided other clothes, but did not allow Plaintiff to take a shower.

**17.**

The aforementioned officers then took Plaintiff to a 2-person cell, which was already occupied by two individuals. Accordingly, officers gave Plaintiff a thin mat and instructed her to lay on the floor.

**18.**

A few hours later, at approximately 08:30 AM, Plaintiff heard commotion from outside of her jail and was shortly thereafter looking down an unknown object with an infrared beam.

**19.**

Confused as to what was happening, Plaintiff inquired, at which time an officer, whose identity is presently unknown, told Plaintiff to "get the f*ck up."

**20.**

Plaintiff attempted to comply with the officer's orders and rapidly jumped to her feet but twisted and popped her knee in doing so – in any event, Plaintiff complied with the officer's orders and exited the cell.

**21.**

Once Plaintiff exited the cell, she requested medical treatment for her knee, to which a male officer whose identity is presently unknown instructed Plaintiff to "face the f*cking wall."

**22.**

At or about the same time, a female officer whose identity is presently unknown, struck Plaintiff on the left side of her head and instructed Plaintiff to "shut the f*ck up."

**23.**

Shortly thereafter, Plaintiff again inquired about obtained medical treatment for her knee, to which the aforementioned female officer responded by saying "I got [sic] something for you."

**24.**

Instead of taking Plaintiff to receive medical treatment, and despite there being absolutely no indication that Plaintiff intended to harm herself, the aforementioned female officer took Plaintiff to Unit 53 Suicide Watch ("Unit 53"), opened the door, and demanded all of Plaintiff's clothes and shoes leaving Plaintiff standing in Unit 53 absolutely naked amongst at least four (4) other naked detainees.

**25.**

The aforementioned female officer later returned to Unit 53 and handed Plaintiff a *paper* gown and closed the door. Unfortunately, the paper gown tore with any and all movement and did not last long.

**26.**

The conditions in Unit 53 were deplorable.

**27.**

Unit 53 had only a non-operating toilet, which was constantly swarmed by gnats.

**28.**

Without an operating toilet, detainees in Unit 53 were forced to defecate and urinate on the floor.

29.

The detainees, armed only with paper gowns, were forced to walk on, and sleep amongst, human feces and urine.

30.

Despite having actual knowledge of the human feces and urine on the floor in Unit 53, no officer at Clayton County Jail attempted to clean the floor and/or walls to ensure detainees were housed in sanitary conditions.

31.

Additionally, officers, whose identities are presently unknown, at Clayton County Jail set the air conditioning to a temperature that was unbearable for the Plaintiff and other detainees, and the Plaintiff's continued requests to change the temperature were mocked and ignored.

32.

Because of the aforementioned officers' failure to change the temperature, Plaintiff and other detainees at the time attempted to stuff the vents with pieces of their deteriorated paper gowns covered in human feces and urine.

33.

Despite never showing any signs of being suicidal, and without any sort of justification, Plaintiff was forced to endure the deplorable conditions in Unit 53 for approximately thirty-six (36) hours.

34.

During the thirty-six (36) hours Plaintiff spent in Unit 53, she was not given food, water, or prescription medication, nor was she given an opportunity to use an operating toilet.

35.

Once Plaintiff was finally released from Unit 53 and Clayton County Jail, she was immediately treated at the hospital for several medical conditions.

36.

The aforementioned conduct served absolutely no legitimate government purpose and was punitive in nature.

37.

As a result of the aforementioned conduct, Plaintiff was subjected to torturous conditions, cruel and unusual punishment, and physical and emotional abuse that should shock the conscience of any human being.

## CLAIMS FOR RELIEF

### COUNT I
**Excessive Force**
**Fourteenth Amendment**
**42 U.S.C. § 1983**

38.

Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein.

**39.**

The Fourteenth Amendment provides freedom from deprivations of liberties without due process of law, which includes the right to be free from unreasonable use of force by law enforcement officers, amounting to pre-adjudication punishment.

**40.**

Under the Fourteenth Amendment, persons in pretrial custody cannot be punished as part of their detention. Punishment occurs if the Defendant's conduct either is not rationally related to a legitimate, non-punitive, government purpose or is excessive in relation to a legitimate, nonpunitive government purpose.

**41.**

Defendant – either directly and through negligent supervision – has subjected Plaintiff to unlawful punishment through acts and/or omissions that are not reasonably related to a legitimate non-punitive government purpose or are excessive in relation to that purpose.

**42.**

At all times relevant hereto, Defendant and currently unknown individuals under Defendant's direct supervision, had a duty to observe, recognize and

uphold Plaintiff's civil rights which are protected by the Constitution of the United States.

43.

The conduct of Defendant and/or presently unknown individuals under Defendant's direct supervision in assaulting Ms. Partee during her confinement in the Clayton County Jail, while she was complaint, violated her Fourteenth Amendment rights.

44.

The law was clearly established at the time of the incident(s) underlying this Complaint.

45.

The actions of Defendant and/or presently unknown individuals under Defendant's direct supervision in assaulting Ms. Partee while compliant was objectively unreasonable under the circumstances.

46.

The actions of Defendant and/or presently unknown individuals under Defendant's direct supervision in assaulting Ms. Partee caused her extensive physical injury, pain, and suffering to the extent that has required medical treatment.

47.

Defendant is liable to Plaintiff for general, compensatory, and special damages as may be proven at trial.

## COUNT II
## Fourteenth Amendment
## Failure to Train
## 42 U.S.C. § 1983

48.

Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein and further states as follows:

49.

Both municipalities and supervising officers may be held liable under 42 U.S.C. § 1983 for failure to train subordinate officers.

50.

A municipality may be held liable for the failure to train its employees when the failure to train amounts to deliberate indifference to the rights of persons with whom law enforcement officers come into contact with.

51.

At all times relevant to this action, Defendant Hill was deliberately indifferent to the rights of pre-trial detainees housed in the Clayton County Jail by allowing customs and practices he established within the Clayton County Sheriff's Office to create a systemic culture permissive of the deprivation of

constitutionally protected rights whereby officers were allowed to commit acts of excessive force against pre-trial detainees housed in the Clayton County Jail with impunity.

**52.**

The unconstitutional customs and practices complained of take the form of both legal and non-lethal uses of force by the Clayton County Sheriff's officers.

**53.**

The unconstitutional systemic customs and practices complained of include but are not limited to: (a) the failure to adequately and completely investigate instances of the unlawful use of force; (b) tolerating duty officers filing false and fictious incident reports in cases involving the use of force; (c) lowering hiring standards and background investigations to the extent that person is prone to violence against pre-trial detainees are allowed to be employed in the Sheriff's Office; and (d) the unconstitutional use and encouraged use of the Restraint Chair; administrative segregation and dietary restrictions as a method of punishment beyond any legitimate institutional disciplinary control measure(s).

**54.**

Defendant Hill knew of a need to train and/or supervise his officers but made a deliberate choice not to take any action to train, re-train, or more closely supervise and discipline his officers.

**55.**

The hiring, retention, and supervision of the presently unknown officers under Defendant Hill's direct supervision was the result of policies, practices, customs and procedures intentionally and deliberately adopted, which allowed known rogue officers to continue in their positions as officers despite numerous incidents of their commission of unchecked uses of excessive force.

**56.**

Defendant Hill, as the former chief law enforcement officer for Clayton County, was the final decision-maker for policies, practices, customs, and procedures that were the foundation for the systemic excessive uses of force on pre-trial detainees in the Clayton County Jail. His policies, practices, customs, and procedures were intentional, deliberate, and indifferent to the rights of Ms. Partee and other Clayton County pre-trial detainees.

**57.**

As a direct and proximate cause of Defendant Hill's unlawful actions, Plaintiff has incurred economic damages including medical expenses, lost wages, attorney's fees and costs, as well as other damages to be proven at trial.

### COUNT III
### Attorney's Fees

**58.**

Plaintiff re-alleges and incorporates herein the allegations contained in all preceding paragraphs herein and further states as follows:

**59.**

Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled toan award of reasonable attorney's fees and costs of litigation.

### COUNT IV
### Punitive Damages

**60.**

Plaintiff re-alleges and incorporates herein the allegations contained in all preceding paragraphs herein and further states as follows:

**61.**

At all times relevant hereto, Defendants conduct toward Plaintiff was done with malice and/or a reckless indifference to Plaintiff's constitutional rights.

**62.**

Accordingly, Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for the following relief:

1. That service and process be issued as required by law;

2. That Plaintiff be granted a fair trial by a properly impaneled jury of twelve (12);

3. That Plaintiff receives just compensation for expenses incurred, lost wages, past, present, and future pain and suffering, and special damages in an amount to be proven at trial;

4. That Plaintiff receives a verdict and judgment against Defendant for general and special damages in an amount to be determined by the enlightened conscience of the trier of fact;

5. That Plaintiff receives an award of punitive damages;

6. All costs be taxed against the Defendant; and

7. Any further relief as this Honorable Court deems fair and just under the laws of the United States of America and/or the State of Georgia.

## DEMAND FOR JURY TRIAL

Plaintiff, Lashawnda Partee, requests trial by jury for all issues so triable.

Respectfully submitted this 15th day of April, 2025.

*[signature]*

_____
Michael E. Russ, Jr.
Georgia Bar No.: 603470
**THE RUSS FIRM, LLC**
101 Marietta Street NW
Suite 3340
Atlanta, GA 30303
(470) 575-6345 – Telephone
(404) 855-2667 – Facsimile
m.russ@russfirm.com

***ATTORNEY FOR THE PLAINTIFF***